## SANTIAGO v. PEOPLE OF PUERTO RICO.
### No. 4077.

Circuit Court of Appeals, First Circuit.

April 1, 1946.

Herminia Tormes, Leopoldo Tormes, and Fernando H. Usera, all of Ponce, Puerto Rico, on the brief, for appellant.

Beatrice Rosenberg, Atty., Dept. of Justice, of Washington, D. C. (Theron L. Caudle, Asst. Atty. Gen., and Fowler Harper, Sol., Irwin W. Silverman, Chief Counsel, Division of Territories and Island Possessions, Dept. of Interior, Robert S. Erdahl, Atty., Department of Justice, Warner Gardner, Sol., Department of the Interior, and Shirley Ecker Boskey, Atty., Department of the Interior, all of Washington, D. C., of counsel), for appellee.

Before MAHONEY and WOODBURY, Circuit Judges, and PETERS, District Judge.

MAHONEY, Circuit Judge.

This case involves a prosecution under Act No. 114 of the 1942 Laws of Puerto Rico.[1] The defendant was convicted in

---

[1] Act No. 114, Laws of Puerto Rico, 1942.

"Section 1. Any employer who performs any act of prejudicial discrimination against his workmen or employees, or any of them, because the same have organized, or taken part in activities of, a labor union, or have demanded the making of a collective labor agreement, or have participated in a strike or in a claim for

the District Court of Ponce, Puerto Rico, for violation of this statute and the judgment of conviction was affirmed by the Supreme Court of Puerto Rico. The information charged the defendant with refusing to give work to one Antonio Velazquez, a laborer, because of his affiliation with the Popular Democratic Party. For some time prior to September 30, 1943, the defendant had been an overseer of the Coto Plantation, owned by the Heirs of Lucas P. Valdivieso. The Heirs of Valdivieso also owned another plantation, known as the Dolores Estate, which was about five kilometers distant from the Coto Plantation. Government witnesses, including Velazquez, were laborers employed to perform weeding and other manual labor on the two plantations. It was their habit to report to the defendant at the Coto Plantation and there be directed by him where they were to work. On September 30th Velazquez, along with the others, reported to the defendant on the Coto Plantation for the purpose of receiving transportation to the Dolores Estate where he had been working prior to that·date.

A number of these laborers including Velazquez testified, as government witnesses, that while they were assembled in front of the defendant's house awaiting transportation they were informed by the ·defendant that there was· no work for them because they were members of the Popular Party.

Prior to September 30th Velazquez had beenʰ employed regularly as a laborer. on ·one or another of the plantations belonging to the Heirs of Valdivieso.

Witnesses for the defense testified that the men were not given work on September 30th because of the excessive rainfall on the day before; that the defendant did not hire the workmen for the Dolores Plantation but merely furnished transportation for the laborers whom the overseer of that Plantation, one Rafael Santiago, wished to hire; and that when the defendant informed the workers that there would be no work for them he was merely conforming with instructions received from Rafael Santiago, the overseer of the Dolores Estate, where the men were to work that day.

On appeal to this court, the defendant contends: (1) That the evidence is insufficient to justify a conviction under said Act No. 114; (2) that the Act is not applicable to day laborers; and (3) that the Act as applied to the facts in the instant case violates the Organic Act of Puerto Rico.

■ There was ample evidence in the testimony presented by the government to justify the trial court in finding that Velazquez was discharged because of his affiliation with the Popular Party and that the defendant was an employer within the meaning of said Act as defined in § 3 thereof.

■ The word "employee" as used in said Act and in the National Labor Relatons Act, 29 U.S.C.A. § 151 et seq., cannot be defined in the strict contractual sense. The statute would be largely ineffective if it had no application to employees whose contracts of employment are terminable at will, for most laborers work under such contracts. Velazquez had been given work by the defendant continuously for a number of years and

---

better wages and working conditions, or because they are affiliated with a certain political party, shall be guilty, in the case of each workman or employee against whom he may have performed an act of prejudicial discrimination, of a misdemeanor and, upon conviction, shall be punished by a fine of not less than one hundred (100) dollars nor more than five hundred (500) dollars, or by imprisonment in jail for a term of not less than thirty (30) days nor more than ninety (90) days, or by both penalties, in the discretion of the court. In case of subsequent offenses, the fine shall not be less than three hundred (300) dollars and the imprisonment in jail shall not be less than ninety (90) days, or both penalties, in the discretion of the court. ·

"Sec. 2. Any of the following acts, without prejudice to others of a similar nature, shall constitute prima facie evidence of the violation of this Act in the case of workmen or employees against whom the employer performs acts of prejudicial discrimination for any of the circumstances stated in the preceding section:
"1. Dismissal without just cause;
* * * * * * * *
"Sec. 3. In this Act, unless otherwise deducted from the context thereof, the word 'employer' shall include any natural or artificial person employing workmen or employees, and the manager, administrator, superintendent, foreman, overseer, timekeeper, paymaster, or representative of said natural or artificial person."

the trial court found that he was refused further employment because of his political activities. The act of an employer in discharging such a laborer or in refusing to give him further employment because of his political affiliations is an act of prejudicial discrimination within the meaning of the statute. In reference to the National Labor Relations Act the Supreme Court of the United States said:

"That there may be a tenure or term of employment determinable at will is a recognized principle of law. For the purpose of the Act, it is immaterial that employment is at will and terminable at any time by either party. A large part of all industrial employment is of this nature. For illustration, factory workers are customarily employed at will, without obligation of employer or employed, to continue the relationship when the day's work is done; or, if there is an agreement fixing salary or wages per unit of service, at so much per day, week or month, there may be an indefinite employment terminable by either party at the end of any unit period. But when such employees are customarily continued in their employment with recognition of their preferential claims to their jobs, it cannot be doubted that their wholesale discharge at the end of the day or other unit period, in order to favor one union over another, would be discrimination in regard to the 'tenure' or 'condition' of their employment in violation of the Act. * * * " National Labor Relations Board v. Waterman Steamship Co., 309 U.S. 206, 219, 60 S.Ct. 493, 500, 84 L. Ed. 704.

[4, 5] The defendant construes the decision of the Supreme Court of Puerto Rico as depriving property owners of the right to protect their property against disorderly acts of employees. He intimates in his brief that the laborers who were refused work on September 30th were dismissed because they had been disorderly and had threatened to injure their employers' property. There is no evidence of such disorderly conduct in the record. The only evidence offered by the defendant as to the reason for the dismissal of the workers was the heavy rainfall and since there was substantial evidence to warrant the finding of the trial court that the provocation for the discharge of the laborers was their political affiliations, we must accept that as the fact. Neither the Act nor the decision of the Supreme Court of Puerto Rico gives the slightest intimation that a property owner may be deprived of the right to protect his property against the destructive acts of his employees. The only constitutional question presented by this case is whether the penalty against an employer provided in said Act for the discharge of an employee because of his membership in a political party violates the protection of due process of law contained in § 2 of the Organic Act, 48 U.S.C.A. § 737. The test of due process is essentially a test of reasonableness. West Coast Hotel Co. v. Parrish, 300 U.S. 379, 391, 57 S.Ct. 578, 81 L.Ed. 703, 108 A.L.R. 1330. Virginia Ry. v. Federation, 300 U.S. 515, 558, 57 S.Ct. 592, 81 L.Ed. 789. It is not unreasonable for a legislature to penalize an employer who discriminates against an employee because of his political affiliation. The statute does not prevent an employer from refusing to hire or from discharging a laborer because of his inability or unwillingness to do the job. It merely prohibits discrimination against a laborer on account of his political affiliation. If it is reasonable to prohibit an employer from interfering with his employees' right to participate in a labor organization, National Labor Relations Board v. Jones & Laughlin, 301 U.S. 1, 57 S.Ct. 615, 81 L.Ed. 893, 108 A.L.R. 1352, it is at least no less reasonable to prohibit an employer from interfering with an employee's participation in a political party. Indeed, an employee's right to adhere to the tenets of the political organization of his choice is a basic right in any truly democratic society. To prevent discrimination by an employer against an employee because that employee chooses to join a particular political party serves to implement and enforce a right which is openly and proudly recognized and vigilantly defended in a democracy. Freedom of the employer is no more abridged in this instance than the freedom of the employer was abridged by the National Labor Relations Act. The statute as applied to the facts in the instant case does not constitute a violation of due process of law or of any clause of the Organic Act or Federal Constitution.

The judgment of the Supreme Court of Puerto Rico is affirmed.